**No. 24-1237**

In the

# United States Court of Appeals

## For the Fourth Circuit

————————

COLONIALWEBB CONTRACTORS COMPANY,

*Plaintiff-Appellee,*

v.

HILL PHOENIX, INC.,

*Defendant-Appellant.*

————————

On Appeal from the United States District Court
for the Eastern District of Virginia
Honorable Henry E. Hudson, Senior District Judge
Case No. 3:23-cv-00722-HEH

————————

**OPENING BRIEF OF APPELLANT**

————————

Robert R. Redmond, Jr.
Robert W. Loftin
Patrick F. Dillard
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4715
F: (804) 698-2177

April 30, 2024

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. 24-1237          Caption: ColonialWebb Contractors Company v. Hill Phoenix, Inc.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Hill Phoenix, Inc.
(name of party/amicus)

who is _____ Appellant _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.  Does party/amicus have any parent corporations?                    ☑ YES ☐ NO
    If yes, identify all parent corporations, including all generations of parent corporations:

    Dover Corporation.

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                              ☑ YES ☐ NO
    If yes, identify all such owners:

    Hill Phoenix is owned by Dover Corporation. Dover Corporation is a publicly held corporation.
    No other publicly held corporation or entity owns 10% or more of Hill Phoenix stock.

i

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.   Is this a criminal case in which there was an organizational victim?    ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Robert W. Loftin                     Date:    April 30, 2024

Counsel for: Hill Phoenix, Inc.

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................1

JURISDICTIONAL STATEMENT ........................................................3

ISSUE PRESENTED ..............................................................................4

STATEMENT OF THE CASE ................................................................4

SUMMARY OF ARGUMENT ...............................................................7

STANDARD OF REVIEW .....................................................................8

ARGUMENT ..........................................................................................8

I.    The district court did not base remand on subject-matter jurisdiction. ...........9

II.   The district court did not base remand on a motion for defect in
      the removal procedure ...................................................................10

      A.     The district court acted *sua sponte*, which it lacks
             authority to do. .....................................................................10

      B.     No defect in the removal procedure exists. ..........................14

III.  The district court lacked authority to remand the case................16

IV.   Section 1447(d) does not apply here. ..........................................19

CONCLUSION .....................................................................................20

ORAL ARGUMENT STATEMENT ....................................................20

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bartels by & through Bartels v. Saber Healthcare Grp., LLC,*
    880 F.3d 668 (4th Cir. 2018) .................................................................15

*City of Chicago v. Int'l Coll. of Surgeons,*
    522 U.S. 156 (1997)..............................................................................18

*Cohens v. Virginia,*
    19 U.S. 264 (1821)................................................................................18

*In re CSX Transp., Inc.,*
    151 F.3d 164 (4th Cir. 1998) ..................................................................3

*Doe v. Blair,*
    819 F.3d 64 (4th Cir. 2016) .............................................9, 11, 12, 20

*Ellenburg v. Spartan Motors Chassis, Inc.,*
    519 F.3d 192 (4th Cir. 2008) ......................................................*passim*

*FindWhere Holdings, Inc. v. Systems Env't Optimization, LLC,*
    626 F.3d 752 (4th Cir. 2010) ...............................................................15

*Hinson v. Norwest Fin. S.C., Inc.,*
    239 F.3d 611 (4th Cir. 2001) ..........................................................3, 16

*Jackson v. Home Depot U.S.A., Inc.,*
    880 F.3d 165 (4th Cir. 2018) .................................................................8

*Lisenby v. Lear,*
    674 F.3d 259 (4th Cir. 2012) .......................................................8, 9, 10

*Martin v. Franklin Cap. Corp.,*
    546 U.S. 132 (2005)..............................................................................18

*In re Norfolk S. Ry. Co.,*
    756 F.3d 282 (4th Cir. 2014) ...........................................................8, 14

*Powerex Corp. v. Reliant Energy Servs., Inc.,*
    551 U.S. 224 (2007)..............................................................................19

iv

*Quackenbush v. Allstate Ins. Co.*,
  517 U.S. 706 (1996)...........................................................17, 18

*Sonda v. W. Virginia Oil & Gas Conservation Comm'n*,
  92 F.4th 213 (4th Cir. 2024) .......................................................17

*Thermtron Prods., Inc. v. Hermansdorfer*,
  423 U.S. 336 (1976), *abrogated on other grounds by QuackenBush*
  *v. Allstate Ins. Co.*, 517 U.S. 706 (1996)...........................2, 16, 17, 19

*Things Remembered, Inc. v. Petrarca*,
  516 U.S. 124 (1995)....................................................................19

*Wecker v. Nat'l Enameling & Stamping Co.*,
  204 U.S. 176 (1907)....................................................................18

*Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*,
  254 F.3d 1317 (11th Cir. 2001) ........................................................12

**Statutes**

28 U.S.C. § 1291 ..........................................................................3

28 U.S.C. § 1332 .......................................................................3, 18

28 U.S.C. § 1441–1453 ..................................................................14

28 U.S.C. § 1441 ...............................................................14, 16, 18

28 U.S.C. § 1442 .........................................................................14

28 U.S.C. § 1442a .......................................................................14

28 U.S.C. § 1443 .........................................................................14

28 U.S.C. § 1444 .........................................................................14

28 U.S.C. § 1445 .........................................................................14

28 U.S.C. § 1447 ....................................................................*passim*

28 U.S.C. § 1452 .....................................................................14, 16

28 U.S.C. § 1453 .........................................................................14

v

## INTRODUCTION

The district court *sua sponte* remanded this case to state court without a valid basis to do so.  Based on an error by the state court clerk's office, followed by a clerical decision from the district court clerk's office, two nearly identical state court cases were consolidated following removal.  JA612-614.  Rather than analyzing the propriety of consolidation under Rule 42, or simply severing the cases, the district court remanded this case to state court.  In doing so, the district court exceeded its statutory authority and denied Hill Phoenix its right to a federal forum.

The relevant statute provides two—and only two—grounds on which the district court could remand this case to state court—(1) lack of subject matter jurisdiction, or (2) in response to a motion to remand for a defect in the removal procedure.  28 U.S.C. § 1447(c).  The district court invoked neither, because neither apply.

First, the district court had subject matter jurisdiction over this case.  It stated in the Remand Order that Hill Phoenix "ha[d] adequately pled diversity jurisdiction."  JA613.  To be sure, it verified its jurisdiction from the allegations in the complaints that the parties are completely diverse and the amount in controversy exceeds $75,000.  No one (including the district court) disputes the

1

district court's subject matter jurisdiction over this case, foreclosing that as a basis for remand.

Second, the district court did not order remand in response to a motion to remand based on a defect in the removal procedure from ColonialWebb. Instead, ColonialWebb moved to remand based on a forum selection clause in the alleged contract between the parties. But the law is clear that a remand based on a forum selection clause is distinct from a motion to remand based on a defect in the removal procedure. Even if not, the district court emphasized that it did not order remand in response to ColonialWebb's motion: "To be clear, in remanding this case, the Court does not reach the merits of Plaintiff's Motion to Remand." JA614. The Remand Order itself and the history of the case demonstrate the district court acted "on its own initiative" in remanding the case. JA611.

The law does not allow the district court broad discretion to *sua sponte* remand a case for any reason it sees fit—only for subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198–99 (4th Cir. 2008). Indeed, the Supreme Court has confirmed that Congress "never intended" to allow district courts to remand cases "on grounds that seem justifiable to them but which are not recognized by the controlling statute." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351–52 (1976), *abrogated on other grounds by QuackenBush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). But the district court

2

did precisely that—remanded the case on a ground that seemed justifiable to it but not recognized by the controlling statute.

## JURISDICTIONAL STATEMENT

The district court had diversity jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states, with ColonialWebb a citizen of Virginia and Hill Phoenix a citizen of Delaware and Georgia, JA439, and the amount in controversy exceeds $75,000. JA444. This Court has appellate jurisdiction under 28 U.S.C. § 1291, because this is an appeal from a remand order not subsumed by 28 U.S.C. § 1447(d). *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 614–15 (4th Cir. 2001) ("Remand orders that are not subsumed under the § 1447(d) prohibition may be appealed pursuant to 28 U.S.C. § 1291, which provides for the appeals of final judgments."); *In re CSX Transp., Inc.*, 151 F.3d 164, 167 (4th Cir. 1998) (concluding that a remand order "puts the litigants out of federal court, effectively ending the federal case, and therefore is a final order appealable under 28 U.S.C. § 1291"). The Remand Order appealed from was entered on February 20, 2024, and Hill Phoenix filed its Notice of Appeal within thirty days thereafter, on March 20, 2024. JA614, JA617.

## ISSUE PRESENTED

1.     Did the district court exceed its authority in *sua sponte* remanding the case to the state court based on its conclusion that two cases were not properly consolidated?  (Yes.)

## STATEMENT OF THE CASE

In June 2023, ColonialWebb filed two complaints against Hill Phoenix in the Circuit Court for the County of Henrico, initiating two actions.  JA434-471.  These complaints alleged breaches of contract relating to the sale of industrial refrigeration equipment for projects in Michigan and Colorado, respectively.  JA439-445, JA456-462.  ColonialWebb later moved to amend the complaints and, on October 4, 2023, served Hill Phoenix with an order granting the motion to amend in one of the cases.  JA27-28, JA48-49, JA116-117.  Aside from that single order, Hill Phoenix was not served with any complaints, process, or other papers from either of the state court actions.  JA6.

Upon noticing two cases pending against it, Hill Phoenix requested all filings from the state court clerk's office for both actions.  JA427.  The state court clerk's office provided documents that showed the complaints were identical, except for the case numbers, including that they both referenced only the Michigan project.  JA11-115.  On October 31, 2024, Hill Phoenix timely filed a Notice of Removal in the district court, attaching all of the exact documents provided to it by

4

the state court clerk's office.  JA5-124.  In the Notice of Removal, Hill Phoenix

"request[ed] that this Court consolidate these two actions, which have a single

operative complaint, into one action."  JA5.  The district court clerk's office

opened this case and consolidated the two state court cases into one.  JA1.

Hill Phoenix moved to dismiss the case, because ColonialWebb based its

breach of contract claims on a contract that did not exist.  JA129-158.  Rather, a

separate contract governed the parties' relationship, which foreclosed

ColonialWebb's claims.  JA136-141.  ColonialWebb opposed the motion to

dismiss.  JA317-415.  ColonialWebb also moved to remand, arguing that Hill

Phoenix had improperly removed the case "[b]ecause of the forum selection clause

contained in ColonialWebb's Terms and Conditions."  JA221.  ColonialWebb

advanced no other arguments in favor of remand.  *See* JA226-234.  Specifically,

ColonialWebb did not move to remand based on any defect in the removal

procedure.  *See* JA218-234.  ColonialWebb also filed a notice with the state court

filings showing that the state court cases were two separate cases.  JA434.  Still,

the complaints were nearly carbon copies, except for the location of the project, the

purchase order date, and the damages claimed.  *Compare* JA439-445, *with* JA456-

462.  The remaining 48 paragraphs are verbatim identical.  *Compare* JA439-445,

*with* JA456-462.  Indeed, ColonialWebb admitted in its reply in support of its

motion to remand that "all arguments and legal principles" applied equally to both

cases.  JA568.

While the two motions were pending, the district court entered an order

requiring additional briefing from the parties on three questions:

1. Whether Hill Phoenix was served as a defendant in the two state court cases;

2. Whether the state court cases are, in fact, two separate cases; and

3. Whether the consolidation of the two state court cases upon removal was proper.

JA594-595.

The district court did not request that the parties brief the effect of any of

these three issues on a potential remand.  *See* JA594-595.  The district court gave

no indication that it was considering the consolidation issue as a possible basis to

remand the case.  *See* JA594-595.

In response to the district court's order, the parties agreed on the first two

questions that Hill Phoenix had not been served and that the two state court cases

were separate cases.  JA598, JA605-606.  The parties disagreed as to the propriety

of consolidation.  Hill Phoenix argued that consolidation was proper because of the

significant overlap in the two cases.  JA606-609.  Although ColonialWebb argued

that consolidation was not proper, it did not argue that it should result in a remand.

JA599-601.  ColonialWebb did not request or mention remand in response to the

district court's order.  JA599-601.

6

The district court then entered the Remand Order. JA611-614. In it, the district court noted that it brought up the matter "on its own initiative" following the parties' briefing. JA611. It quoted the rule for consolidation but did not analyze the standard against the facts here. JA613. Rather, the district court said that "the Clerk's office consolidation of the cases does not constitute Court action" and instead "was a clerical decision by the Clerk's office" based on Hill Phoenix's representation that the two cases were identical (as represented to it by the state court clerk's office). JA613-614. Because the district court had not consolidated the two cases, it concluded: "Thus, consolidation of the state cases was improper. Accordingly, this matter is hereby REMANDED to the Circuit Court for the County of Henrico." JA614. In reiterating that it issued its order *sue sponte*, relying only on its conclusion that consolidation was improper, the district court added: "To be clear, in remanding this case, the Court does not reach the merits of Plaintiff's Motion to Remand." JA614. This appeal followed. JA617.

## SUMMARY OF ARGUMENT

The district court remanded this case because it determined that the two cases should not have been consolidated following removal. But the district court lacks authority to remand on that basis and cannot decline to exercise its jurisdiction over this case for that reason.

7

The district court exceeded its authority in remanding the case on grounds other than those provided by statute.  Section 1447(c) permits a district court to remand based on (1) a lack of subject matter jurisdiction, or (2) a motion to remand based on a defect in the removal procedure.  *Ellenburg*, 519 F.3d at 196.  The district court's remand met neither of these requirements.  In fact, it expressly disavowed both grounds.  Instead, the district court remanded, *sua sponte*, because it believed the two cases had been improperly consolidated.  But this basis has no grounding in the law, and the district court exceeded its authority in remanding based on that belief.  *See Lisenby v. Lear*, 674 F.3d 259, 263 (4th Cir. 2012).  And because the district court did not issue its order under § 1447(c), this Court may review the Remand Order.  *In re Norfolk S. Ry. Co.*, 756 F.3d 282, 287 (4th Cir. 2014) (bar to appellate review in § 1447(d) applies only to remand orders based on the grounds in § 1447(c)).

## STANDARD OF REVIEW

This Court reviews de novo a district court's decision to remand to state court.  *Jackson v. Home Depot U.S.A., Inc.*, 880 F.3d 165, 167 (4th Cir. 2018).

## ARGUMENT

Section 1447(c) specifies two grounds on which the district court may remand:  (1) lack of subject matter jurisdiction; and (2) a defect in removal other than lack of subject matter jurisdiction raised by the motion of a party within 30

8

days after the notice of removal was filed. 28 U.S.C. § 1447(c); *Ellenburg*, 519

F.3d at 196. But if a remand order relies on grounds other than the two in

§ 1447(c), it exceeds the district court's authority under that statute. 519 F.3d at

198–99; *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016).

Finally, because the district court's order did not invoke the grounds in

§ 1447(c), the bar to review in § 1447(d) does not apply, and this Court may

review the decision. *Id.* at 67.

## I. The district court did not base remand on subject-matter jurisdiction.

The district court did not purport to base its remand on lack of subject-matter

jurisdiction. Nothing in the "plain language or reasoning of the order" suggests the

district court believed it lacked subject matter jurisdiction over the case. *Lisenby*,

674 F.3d at 261–62.

Instead, the plain language and reasoning of the order confirms that the

district court did not remand based on a perceived lack of subject matter

jurisdiction. Indeed, the district court recognized that Hill Phoenix "has adequately

pled diversity jurisdiction." JA613. The district court then noted the citizenship of

the parties—Virginia for ColonialWebb and Delaware and Georgia for Hill

Phoenix. JA613. Likewise, the district court recognized that "[t]he amount in

controversy exceeds $75,000" and cited the demands in the complaints. JA613.

Nor did the district court's order requesting briefing on the consolidation issue suggest any doubt of its subject matter jurisdiction.  JA594-595.

The district court satisfied itself that it had subject matter jurisdiction.  Thus, the district court's Remand Order cannot be "colorably characterized" as based on subject matter jurisdiction.  *See* 674 F.3d at 261.

## II.    The district court did not base remand on a motion for defect in the removal procedure.

Similarly, the district court did not base its remand on the other ground permissible in § 1447(c)—granting a "timely filed motion raising a 'defect in removal procedure.'"  *Ellenburg*, 519 F.3d at 196.  Again, viewing the plain language and reasoning of the order confirms that the district court did not remand the case in response to a motion to remand for procedural defect.  No such motion was raised, and no such procedural defect existed.

### A.    The district court acted *sua sponte*, which it lacks authority to do.

The district court's Remand Order makes clear it was not triggered by a motion.  It begins, "[t]his matter is before the Court on its own initiative."  JA611.  It later emphasized the *sua sponte* nature of the Order:  "To be clear, in remanding this case, the Court does not reach the merits of Plaintiff's Motion to Remand."  JA614.  And the substance of the Remand Order demonstrates the district court remanded the case based on its conclusion that "consolidation of the state cases

10

was improper," JA614, rather than in response to any motion filed by ColonialWebb.

Likewise, the order from the district court directing briefing before the Remand Order offered no clues that the district court considered the purported improper consolidation as a potential ground for remand. JA594-595. It simply asked whether (1) Hill Phoenix was served as a defendant, (2) the cases were separate, and (3) consolidation was proper. JA594-595. It did not request briefing on whether the answers to any of those questions could lead to remanding the case. It gave no indication that it would do anything but sever the cases if it determined they were improperly consolidated.

Not surprisingly, neither party's position statement in response referenced remand in any way. JA598-609. In sum, Hill Phoenix had no opportunity to address whether the allegedly improper consolidation warranted remand.

In *sua sponte* remanding the case on grounds other than subject matter jurisdiction, the district court exceeded its authority. This Court has made clear that "in the case where remand would be justified by a defect in removal other than a lack of subject matter jurisdiction, the defect must be asserted by a party's motion to remand filed within 30 days." *Ellenburg*, 519 F.3d at 197. Without such an assertion, "a district court exceeds its statutory authority when it remands a case *sua sponte* based on a procedural defect absent a motion from a party." *Blair*, 819

11

F.3d at 68–69; *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001) ("§ 1447(c) does not authorize *any sua sponte* remand order not based on subject matter jurisdiction").

The record is clear that ColonialWebb did not file a motion raising a defect in removal procedure. Rather, ColonialWebb's motion to remand invoked a forum selection clause in the alleged contracts between the parties: "Because of the forum selection clause contained in ColonialWebb's Terms and Conditions, Hill Phoenix has improperly removed the cases to Federal Court." JA221. To extinguish any doubt that ColonialWebb did not move to remand based on any defect in the removal procedures, it informed the district court that "the only question that must be resolved is whether the forum selection clause contained in ColonialWebb's Terms and Conditions applies, and, if it does, whether it would be unreasonable to enforce it under the circumstances present." JA227. It did not ask the district court to resolve whether the case should be remanded because of the consolidation issue.

Likewise, ColonialWebb concluded its reply brief in support of its motion to remand: "Because the forum selection clause is mandatory and because the clause mandates that the venue for any litigation arising between the parties relating to the Purchase Order is the courts of Henrico County, remand is warranted." JA583. Finally, ColonialWebb's response to the district court's briefing order did not

request remand or even suggest that the allegedly improper consolidation could provide a basis to remand.[1]  *See* JA599-601.  In sum, ColonialWebb did not move to remand based on the consolidation issue, and the district court could not have been acting in response to such a motion to remand.

It is clear the district court acted on its own initiative and not in response to a motion from ColonialWebb.  But Congress does not permit this in Title 28 of the United States Code.

This Court's opinion in *Ellenburg* highlights the district court's lack of authority to *sua sponte* remand for alleged procedural defects.  There, the district court ruled *sua sponte* that the defendant had not adequately alleged the amount in controversy in the notice of removal.  519 F.3d at 195.  The remand was not based on a finding that subject matter jurisdiction did not exist, "but rather on the procedural insufficiency of the Notice of Removal."  *Id.* at 198.  And "[i]n the absence of the plaintiff's timely filed motion raising that procedural deficiency, the order fell outside the scope of § 1447(c)."  *Id.*  Accordingly, this Court reversed the

---

[1] ColonialWebb suggested that the cases were not pending before the district court at the time of consolidation, but that was based on its argument that the district court "would have had to grant the removal and obtain jurisdiction over the cases before considering the [consolidation] issue."  JA600-601.  Of course, a district court does not "grant" removal, and it obtains jurisdiction upon the filing of a notice of removal, provided there is a basis for it.  In any event, ColonialWebb never suggested that the district court's failure to "grant" removal warranted remand, and never made a motion to that effect.

remand order because the district court had exceeded its statutory authority in *sua sponte* remanding for technical reasons. *Id.* at 200. Likewise, here, even if a removal procedural defect existed (it did not), the district court did not remand in response to a "timely filed motion raising that procedural deficiency." *Id.* at 198. So section § 1447(c) does not authorize the *sua sponte* Remand Order.

### B.    No defect in the removal procedure exists.

Even if the district court had authority to *sua sponte* remand a case based on a procedural defect (it does not), the consolidation issue identified by the district court does not constitute a procedural defect warranting remand under § 1447(c). "From the context of § 1447, it is apparent that 'defect' refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. § 1441–1453." *In re Norfolk Southern Ry. Co.*, 756 F.3d at 292. Assuming the cases were improperly consolidated, that does not result from a failure by Hill Phoenix to comply with the statutory requirements for removal set forth in §§ 1441–1453.[2] To the contrary, Hill Phoenix complied with all of the statutory requirements for removal, including those found in § 1446. That is, Hill Phoenix filed a timely Notice of Removal, JA5, JA164, and gave notice to adverse parties and the state

---

[2] Most of these provisions do not apply to this breach of contract case. *See, e.g.*, 28 U.S.C. §§ 1442 (federal officer removal); 1442a (prosecution against a member of the armed forces); 1443 (civil rights cases); 1444 (foreclosure action against United States); 1445 (nonremovable actions); 1448 (process after removal); 1452 (removal of claims related to bankruptcy cases); 1453 (removal of class actions).

court, JA8, as required by § 1446(b), (d).  Nothing in the record suggests that Hill

Phoenix failed to meet any of the removal requirements.  Instead, the district court

concluded that the cases had been improperly consolidated—an action taken by the

district court clerk's office *after* Hill Phoenix had complied with all of the statutory

requirements for removal.  Indeed, the district court characterized this as "clerical

decision by the Clerk's office."  JA614.  This clerical decision did not amount to a

failure by Hill Phoenix to comply with the statutory requirements for removal and

so cannot constitute a defect for purposes of § 1447.

It is telling that ColonialWebb did not move to remand based on any defect

in the removal procedures, because none exist.  Instead, ColonialWebb moved to

remand based on an alleged forum selection clause.  Yet for purposes of § 1447, a

party that moves to remand based on a forum selection clause has not moved to

remand based on a defect in the removal procedure.  *Bartels by & through Bartels

v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 673 (4th Cir. 2018) (concluding that

a remand based on a forum selection clause fell outside the purview of § 1447);

*FindWhere Holdings, Inc. v. Systems Env't Optimization, LLC*, 626 F.3d 752, 755

(4th Cir. 2010) (collecting cases for same).  Without the presence of a defect in the

removal procedure, the Remand Order is even further afield from the grounds

authorized in § 1447(c).

**III.    The district court lacked authority to remand the case.**

Not only does the Remand Order find no footing in § 1447(c), but it does not find authority in any other statute.  As this Court has recognized, the "removal statute authorizes remand to State courts under several specified circumstances," specifically 28 U.S.C. §§ 1441(c), 1447(c), 1447(e), and 1452.  *Hinson*, 239 F.3d at 616.  None of these statutory authorizations apply here.  First, § 1441(c) provides for remand of severed claims over which a district court lacks original or supplemental jurisdiction, which does not apply to ColonialWebb's claims over which the district court has diversity jurisdiction.  Section 1447(e) relates to post-removal joinder of defendants, which did not occur here.  Likewise, § 1452 applies to specified bankruptcy matters, which does not apply here.  As described above, § 1447(c) does not apply.  And "the fact that the district court's order fell outside the scope of § 1447(c) also leads to the conclusion under this statutory scheme that the order fell outside the district court's *authority* to remand."  *Ellenburg*, 519 F.3d at 198.

The Supreme Court has long made clear that district courts cannot act beyond statutory authority in remanding cases:

> But we are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.

*Thermtron Prods.*, 423 U.S. at 351.

16

Yet revising the federal statutes governing removal is exactly what the district court did here in purporting to remand a case based on consolidation. None of the removal statutes contemplate considering consolidation a grounds for remand. When faced with a question of whether two properly removed cases should be litigated together or separately—but not whether the district court had subject-matter jurisdiction or the cases had been properly removed—the district court sidestepped the decision and slammed the doors shut to the federal court. This, it cannot do.

The Supreme Court's admonishments in *Thermtron Products* apply directly here. The district court had remanded the case because of docket management concerns. 423 U.S. at 344. The Supreme Court expressed concerns that, as here, "[n]either the propriety of the removal nor the jurisdiction of the court was questioned by respondent in the slightest." *Id.* at 343–44. And because the district court "remanded a properly removed case on grounds that [it] had no authority to consider, [it] exceeded [its] statutorily defined power." *Id.* Just like the district court here.

In exceeding its statutory authority, the district court declined to fulfill its "strict duty" to exercise its properly invoked jurisdiction and address the matters before it. *Sonda v. W. Virginia Oil & Gas Conservation Comm'n*, 92 F.4th 213, 219 (4th Cir. 2024) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716

17

(1996)).  Given this "virtually unflagging obligation," the Supreme Court has

stated that federal courts "have no more right to decline the exercise of jurisdiction

which is given, than to usurp that which is not [given]."  517 U.S. at 716 (quoting

*Cohens v. Virginia*, 19 U.S. 264, 404 (1821) (Marshall, C.J.)).  Further, the district

court failed to "be [] vigilant to protect the right to proceed in the Federal court."

*Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907).

     Instead of protecting Hill Phoenix's right to a federal forum, the district

court extinguished that right.  *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132,

137 (2005) ("[T]he removal statute grants defendants a right to a federal forum.").

Hill Phoenix properly exercised that right, as "defendants may remove to the

appropriate federal district court 'any civil action brought in a State court of which

the district courts of the United States have original jurisdiction.'"  *City of Chicago

v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).

Of course, federal district courts have original jurisdiction over civil matters like

this one between citizens of different states where the matter in controversy

exceeds $75,000.  28 U.S.C. § 1332(a).  The district court acknowledged it had

diversity jurisdiction.  JA613.  Yet it shirked its "virtually unflagging

obligation"—foreclosing Hill Phoenix's access to federal court in the process—by

refusing to exercise that jurisdiction based on a clerical error.

IV.    **Section 1447(d) does not apply here.**

Although 28 U.S.C. § 1447(d) bars appellate review of some remand orders, it does not bar review of the Remand Order.  This Court has jurisdiction over this appeal because the district court did not base its decision on the grounds set forth in 28 U.S.C. § 1447(c).  And the bar in § 1447(d) "is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c)."  *Ellenburg*, 519 F.3d at 196; *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229–31 (2007) (noting that § 1447(d) is interpreted "to preclude review only of remands for lack of subject-matter jurisdiction and for defects in removal procedure"); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) ("[O]nly remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)."). This is because § 1447(d) cannot "extinguish the power of an appellate court to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of removal."  *Thermtron Prods.*, 423 U.S. at 352.

As described above, the district court did not issue the Remand Order under § 1447(c)—it was not based on subject matter jurisdiction or in response to a motion to remand for a defect in removal procedure.  Because the Remand Order exceeded the scope of the district court's authority, it necessarily exceeds the scope of the bar to review in § 1447(d).  *Ellenburg*, 519 F.3d at 198 ("Our conclusion

19

that we have jurisdiction to review the district court's remand order also tends to forecast our ruling on the outcome of that review."); *Blair*, 819 F.3d at 68 ("In other words, the fact that we can review the district court's remand order because it fell outside the scope of § 1447(c) leads to the conclusion that the order fell outside the district court's authority to order remand.").

Because the Remand Order fell outside of the scope of § 1447(c), this Court may review and should reverse it.

## CONCLUSION

The district court exceeded its authority in remanding the case, and its decision should be reversed.

## ORAL ARGUMENT STATEMENT

Appellant Hill Phoenix, Inc. does not request oral argument because this issue in this appeal is a clear error of law that can be resolved on the briefing.  To the extent this Court determines otherwise, Hill Phoenix, Inc., will appear at any argument directed by the Court.

Dated:  April 30, 2024                  Respectfully submitted,

*/s/ Robert W. Loftin*
Robert F. Redmond, Jr.
Robert W. Loftin
Patrick F. Dillard
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219

T: (804) 775-4715
F: (804) 698-2177
rredmond@mcguirewoods.com
rloftin@mcguirewoods.com
pdillard@mcguirewoods.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitation of Fed. R. App. P. 32(a)(7) because:

- This brief does not exceed 30 pages and contains 4,626 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because:

- This brief has been prepared in a proportionally spaced 14-point Times New Roman font using Microsoft Word.

*/s/  Robert W. Loftin*
Robert W. Loftin

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, the foregoing was filed with the

Clerk of the United States Court of Appeals for the Fourth Circuit using the

appellate CM/ECF system, which will also serve counsel of record.

*/s/  Robert W. Loftin*
Robert W. Loftin