# 24-1237

# United States Court of Appeals
### *for the*
# Fourth Circuit

COLONIALWEBB CONTRACTORS COMPANY,

*Plaintiff/Appellee,*

– v. –

HILL PHOENIX, INC.,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT RICHMOND

# BRIEF OF APPELLEE

Courtney Moates Paulk
Eliza J. Unrein
HIRSCHLER FLEISCHER, P.C.
2100 East Cary Street
Richmond, Virginia 23223-7078
(804) 771-9585 (Telephone)
(804) 644-0957 (Facsimile)
cpaulk@hirschlerlaw.com
eunrein@hirschlerlaw.com

*Counsel for Appellee*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __24-1237__      Caption: __ColonialWebb Contractors Company v. Hill Phoenix, Inc.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__ColonialWebb Contractors Company__
(name of party/amicus)

_____

who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☑ YES ☐ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

   Comfort Systems USA, Inc.

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☑ YES ☐ NO
   If yes, identify all such owners:
   Comfort Systems USA, Inc. (100%)(as parent corporation)

4.  Is there any other publicly held corporation or other publicly held entity that has a direct
    financial interest in the outcome of the litigation?                    ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected
    substantially by the outcome of the proceeding or whose claims the trade association is
    pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?                    ☐YES ☑NO
    If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a
    party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the
    caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held
    corporation that owns 10% or more of the stock of the debtor.

7.  Is this a criminal case in which there was an organizational victim?        ☐YES ☑NO
    If yes, the United States, absent good cause shown, must list (1) each organizational
    victim of the criminal activity and (2) if an organizational victim is a corporation, the
    parent corporation and any publicly held corporation that owns 10% or more of the stock
    of victim, to the extent that information can be obtained through due diligence.

Signature: _____          Date: _____3/29/24_____

Counsel for: ColonialWebb Contractors Company

Print to PDF for Filing

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................... iii

STATEMENT OF CASE ..................................................................... 1

    I.     ColonialWebb filed two separate actions in state court ....................... 1

    II.    Hill Phoenix filed a single Notice of Removal in Federal
         Court attempting to remove two separate and distinct state
         court actions—confusion ensued ........................................ 2

    III.   ColonialWebb blows the whistle that something has gone
         wrong .......................................................................... 3

    IV.   The district court resolves confusion by remanding the case
         back to the state court from whence it came ........................... 4

COUNTER-STATEMENT OF ISSUES ............................................... 5

SUMMARY OF ARGUMENT ............................................................ 5

STANDARD OF REVIEW ................................................................. 8

ARGUMENT ..................................................................................... 9

    I.     This Court lacks appellate jurisdiction to review the district
         court's remand order ...................................................... 9

        A.    The District Court colorably characterized its decision
             to remand as a lack of subject matter jurisdiction .................. 11

        B.    The District Court colorably characterized its remand
             decision on a timely raised procedural defect .......................... 15

           1.    ColonialWebb timely raised the issue of
                improper consolidation in its motion to remand ........... 15

           2.    The district court colorably characterized Hill
                Phoenix's improper consolidation as a
                procedural defect ..................................................... 17

    II.    The district court had authorization to remand the case
         because Hill Phoenix's improper consolidation was a
         procedural defect .......................................................... 21

i

A.   Hill Phoenix improperly consolidated two state court cases ........................................................................21

B.   Hill Phoenix's Improper Consolidation is a procedural defect under Section 1447(c) ....................................23

C.   Overturning the district court's remand order would be inequitable ..........................................................25

CONCLUSION ........................................................................27

ORAL ARGUMENT STATEMENT ....................................28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*A.D.A. v. McKinsey & Co.*,
  2022 U.S. App. LEXIS 12479 (4th Cir. 2022) .......................... 8, 9, 10, 17-18

*Arnold v. Eastern Air Lines, Inc.*,
  681 F.2d 186 (4th Cir. June 4, 1982) .................................... 22, 26

*Atl. Nat'l Tr. LLC v. Mr. Hawley Ins. Co.*,
  621 F.3d 931 (9th Cir. 2010).................................................. 10, 18

*Bartels by & through Bartels v. Saber Healthcare Grp, LLC*,
  880 F.3d 668 (4th Cir. 2018)................................................... 19, 20

*Borneman v. United States*,
  213 F.3d 819 (4th Cir. 2000).................................................... 8

*Bynum v. Norfolk S. Ry. Co.* (*In re* Norfolk S. Ry. Co.),
  756 F.3d 282 (4th Cir. 2014)................................................... 7, 23

*Doe v. Blair*,
  819 F.3d 64 (4th Cir. 2016)................................................. 8, 12, 15, 16

*Ellenburg v. Spartan Motors Chassis, Inc.*,
  519 F.3d 192 (4th Cir. 2008)................................................. *passim*

*FindWhere Holdings, Inc. v. Sys. Envt. Optimization, LLC*,
  626 F.3d 752 (4th Cir. 2010)................................................. 19, 20

*Harvey v. UTE Indian Tribe of Uintah & Ouray Rsrv.*,
  797 F.3d 800 (10th Cir. 2015).................................................... 9

*Kamm v. ITEX Corp.*,
  568 F.3d 752 (9th Cir. 2009)................................................... 7, 23

*Lisenby v. Lear*,
  674 F.3d 259 (4th Cir 2012) ...................................................... 9

*Mangold Analytic Servs., Inc.*,
  77 F.3d 1442 (4th Cir. 1996)................................................. 8, 11, 14

*Martin v. Franklin Cap. Corp.*,
  546 U.S. 132 (2005)................................................................ 25

*Md. Stadium Auth. v. Ellerbe Becket, Inc.*,
    407 F. 3d 255 (4th Cir. 2005) ................................................................. 11-12

*Oregon Egg Producers v. Andrew*,
    458 F.2d 382 (9th Cir. 1972) .............................................................. 13

*Overlook Gardens Props. LLC v. ORIX USA, L.P.*,
    927 F.3d 1194 (11th Cir. 2019) ........................................................ 19

*Powerex Corp. v. Reliant Energy Servs., Inc.*,
    127 S. Ct. 2411 (2007) ........................................................ 5, 6, 9, 25

*Protopapas v. Travelers Cas. & Sur. Co.*,
    94 F.4th 351 (4th Cir. 2024) ............................................... *passim*

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996) .......................................................................... 9

*Thermtron Prods. v. Harmansdorfer*,
    423 U.S. 336 (1976) .............................................................. 24, 25

*Things Remembered v. Petrarca*,
    516 U.S. 124 (1995) ................................................................ 9, 15

*United States use of Owens-Corning Fiberglass Corp. v.*
    *Brandt Constr. Co*,
    826 F.2d 643 (7th. Cir. 1987) .......................................................... 13

**Statutes & Other Authorities:**

28 U.S.C. § 1441 ............................................................................. 10, 25

28 U.S.C. § 1441(a) ................................................................... 7, 23, 24

28 U.S.C. § 1446 ................................................................................. 23

28 U.S.C. § 1446(a) ............................................................................ 15

28 U.S.C. § 1446(d) ............................................................................ 14

28 U.S.C. § 1447 ................................................................................. 23

28 U.S.C. § 1447(c) ................................................................... *passim*

28 U.S.C. § 1447(d) ................................................................... *passim*

28 U.S.C. §§ 1441-1453 ............................................................ 7, 23, 25

Fed. R. Civ. P. 7(b) ................................................................22

Fed. R. Civ. P. 42 ............................................................. 13, 21

Fed. R. Civ. P. 42(a) ............................................................21

This Court lacks jurisdiction to consider this appeal under 28 U.S.C. § 1447(d), and the appeal should be dismissed. In the alternative, the district court's judgment should be affirmed.

## STATEMENT OF CASE

### I.     ColonialWebb filed two separate actions in state court.

On June 9, 2023, Plaintiff-Appellee ColonialWebb Contractors Company ("ColonialWebb") filed two civil actions in the Circuit Court for Henrico County. One case alleged facts and claims arising out of a project located in Michigan (the "Michigan Case" or "Michigan Case / Case No. CL23004146-00"). JA394-445. The other case alleged facts and claims arising out of a project located in Colorado (the "Colorado Case" or "Colorado Case / Case No. CL23004147-00"). JA477-483.

Although both the Michigan Case and the Colorado Case named Hill Phoenix, Inc. ("Hill Phoenix") as defendant, the two state court cases were distinct and separate civil actions. JA394-445, JA477-483.

ColonialWebb took no steps to serve any documents related to the state court cases on Hill Phoenix. At some point, however, Hill Phoenix became aware of the two state court cases. ColonialWebb has no knowledge as to how Hill Phoenix received notice of the two state court cases.

1

## II. Hill Phoenix filed a single Notice of Removal in Federal Court attempting to remove two separate and distinct state court actions— confusion ensued.

Despite never being served with process in either the Michigan Case or the Colorado Case, Hill Phoenix filed a Notice of Removal in the Eastern District of Virginia on October 31, 2023. JA5-10. This single Notice of Removal attempted to remove both the Michigan Case / Case No. CL23004146-00 *and* the Colorado Case / Case No. CL23004147-00 to federal court. JA5-9. In the Notice of Removal, Hill Phoenix stated:

(1) "Plaintiff initiated the State Court Actions by filing identical Complaints in each on or about June 9, 2023" (JA5);

(2) "Plaintiff filed identical Complaints and Amended Complaints in the two State Court Actions. The case number on all of the complaints and amended complaints was No. CL23004146-00. It appears that identical cases were opened in error." JA5.

These statements are plainly inaccurate. The complaints are not identical; the cases had separate case numbers; and the two cases were not "opened in error." The actual status of the filings easily could have been confirmed by driving the short distance from downtown Richmond to the Henrico County Circuit Court to view the file, or by accessing the court files through the Officer of the Court Remote Access ("OCRA") online system, but Hill Phoenix failed to do so.

2

Further, the Notice of Removal makes no mention whatsoever of the Colorado Case, beyond a citation to the case number. *See* JA5-10. The Notice of Removal merges the two state court actions into one case and, in so doing, eliminates the facts and claims of the Colorado Case as though they did not exist. *See* JA5-10. Despite the absence of either a Motion to Consolidate or a court order consolidating the cases, Hill Phoenix, through its removal, unilaterally and improperly consolidated the Michigan Case and the Colorado Case into the one present case. As a result, ColonialWebb found itself in the confusing position of having its two state court cases removed into a single federal court case, and contesting a motion to dismiss the entire federal case that addressed the merits of only the Michigan Case.[1] *See* JA5-10.

### III.    ColonialWebb blows the whistle that something has gone wrong.

ColonialWebb timely moved for the remand of both cases back to the state court. JA163-217. ColonialWebb first raised the issue of Hill Phoenix's improper consolidation of the Michigan Case and the Colorado Case in its Motion for Remand. JA163-217. ColonialWebb also pointed out to the court that Hill Phoenix improperly consolidated the Michigan Case and the Colorado Case in its Notice of Removal in ColonialWebb's Memorandum in Support of its Motion to Remand. JA218. ColonialWebb repeated this assertion in its Memorandum in Opposition to Hill

---

[1] Hill Phoenix is incorrect that ColonialWebb failed to raise this issue.

Phoenix's Motion to Dismiss. JA317. In fact, ColonialWebb raised the issue of Hill Phoenix's improper consolidation of the Michigan Case and Colorado Case upon removal in every filing it made, other than its Diversity Statement, Financial Disclosure Statement, and Appearance of Counsel Notices.  JA163-217, JA317-334, JA434-437, JA569. ColonialWebb even took on the additional burden and expense of filing with the district court certified copies of the state court records on November 28, 2023, which ColonialWebb easily obtained from the Henrico County Circuit Court. JA434.

**IV.   The district court resolves confusion by remanding the case back to the state court from whence it came.**

After both parties briefed the issue of remand, the district court requested additional briefing on (1) "whether Hill Phoenix was served as defendant in the two state court cases"; (2) "whether the cases are, in fact, two separate cases; and (3) "whether the consolidation of the two state court cases upon removal was proper." JA594-595.

The district court found that Hill Phoenix's unilateral consolidation of the Michigan Case and the Colorado Case upon removal was improper because no court action determined consolidation to be appropriate. Rather, the cases were filed and consolidated in federal court because Hill Phoenix wrongly represented that the cases were identical in its Notice of Removal. JA5-10, JA613-614. The district court ordered remand. This appeal followed.

## COUNTER-STATEMENT OF ISSUES

1. Must this Court dismiss this appeal of a remand order because the district court relied on Hill Phoenix's improper consolidation of the Colorado Case and the Michigan Case upon removal and characterized the improper consolidation as affecting the court's jurisdiction and as a timely raised procedural defect in removal? (Yes)

2. Was the district court authorized to remand this case to state court due to a procedural defect when Hill Phoenix filed a Notice of Removal in federal court that consolidated the Michigan Case and the Colorado Case without authorization, merged the cases into one case, eliminated the facts and claim of the Colorado Case, and effectively created a new, fictional case that was not filed in state court? (Yes)

## SUMMARY OF ARGUMENT

Where a district court finds that it lacks subject matter jurisdiction over a removed case, or that there is a timely raised procedural defect in removal, the district court may remand the case back to state court pursuant to 28 U.S.C. § 1447(c). *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2415 (2007). When the substance of the remand decision may be colorably characterized as being based on these reasons, the appellate court does not have jurisdiction to review the

decision, even if the decision is ultimately incorrect. *Id.* This is because the purpose of 28 U.S.C § 1447(d) is to avoid procedural delays in litigation. *Id.*

The district court remanded this case back to state court due to Hill Phoenix's improper consolidation of the Michigan Case and the Colorado Case upon removal to federal court. JA611-614. Hill Phoenix argues that the district court lacks authority to remand on this basis. In so doing, Hill Phoenix construes 28 U.S.C. § 1447(c) too narrowly.

**First**, the substance of the district court's remand decision colorably characterized the improper consolidation as affecting the jurisdiction of the court. Even if the district court's decision is incorrect, this characterization bars appellate review. *Protopapas v. Travelers Cas. & Sur. Co.*, 94 F.4th 351, 356–57 (4th Cir. 2024).

**Second**, the district court's decision also colorably characterized the improper consolidation as a procedural defect—a procedural defect that ColonialWebb repeatedly raised in its Motion for Remand, Memorandum in Support of Motion for Remand and other court filings. Accordingly, this characterization also bars appellate review. *Id.*

**Third**, even if appellate review is not barred, the district court was authorized to remand because it correctly determined that Hill Phoenix improperly consolidated

the Michigan Case and Colorado Case upon removal and this improper consolidation was a procedural defect.

The improper consolidation was a procedural defect. A procedural defect is any failure to comply with the removal statutes codified in 28 U.S.C. §§ 1441-1453. *Bynum v. Norfolk S. Ry. Co.* (*In re* Norfolk S. Ry. Co.), 756 F.3d 282, 292 (4th Cir. 2014)(citing *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009)). Due to Hill Phoenix's improper consolidation of the Michigan Case and the Colorado Case, the federal case, as styled in Hill Phoenix's Notice of Removal, was never filed in state court. The state court case described in the Notice of Removal does not exist. Therefore, Hill Phoenix failed to comply with 28 U.S.C. § 1441(a), which only permits the removal of civil actions filed in state court. 28 U.S.C. § 1441(a). Hill Phoenix's improper consolidation of the Michigan Case and the Colorado Case was a procedural defect; 28 U.S.C. § 1447(c) authorized the district court to order remand.

Further, the unilateral consolidation of two separate and distinct state court cases by a defendant upon filing a Notice of Removal must be considered a procedural defect. The alternative would be to hand defendants who find themselves the subject of multiple lawsuits a tool to delay litigation, sow confusion, and force plaintiffs to shoulder additional burden and expense to ensure their separate civil

actions do not disappear in an improperly consolidated case removed to federal court.

In sum, this appeal should be dismissed or, alternatively, the district court's order remanding this case to state court should be affirmed.

## STANDARD OF REVIEW

Congress has limited the power of federal appellate courts to review district orders remanding removed cases back to state court. *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016). Specifically, 28 U.S.C § 1447(d) prohibits appellate review of remand orders substantively based on the grounds specified in 28 U.S.C § 1447(c)—i.e., a lack of subject matter jurisdiction or "a defect in removal other than a lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." 28 U.S.C § 1447(c); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

In determining whether a remand order is based on one of the two grounds contained Section 1447(c), the appellate court must look to the underlying substance of the decision. *A.D.A v. McKinsey & Co.*, 2022 U.S. App. LEXIS 12479, *2 (4th Cir. 2022); *Borneman v. United States*, 213 F.3d 819, 824–25 (4th Cir. 2000). If a remand order is premised on one of the grounds specified in Section 1447(c), then the appellate court "may not review the order even if it be manifestly, inarguably erroneous." *Mangold Analytic Servs., Inc.,* 77 F.3d 1442, 1450 (4th Cir. 1996).

## <u>ARGUMENT</u>

**I.     This Court lacks appellate jurisdiction to review the district court's remand order.**

The district court's remand order satisfies the minimal requirements necessary to bar appellate review. 28 U.S. Code § 1447(d) provides that "[a]n order remanding a case to the State Court from which it was removed is not reviewable on appeal or otherwise." The Supreme Court prohibits the review of remand orders if the district court based its decision on a "timely raised defect in the removal procedure" or a "lack of subject matter jurisdiction." *Things Remembered v. Petrarca*, 516 U.S. 124, 128 (1995); *Powerex Corp. v. Reliant Energy Serv., Inc.*, 551 U.S. 224, 229–30 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996).

When (as here) the substance of the district court's remand order is based on jurisdictional or procedural reasons, the appellate court must accept the district court's characterization if it is merely "colorable." *Lisenby v. Lear,* 674 F.3d 259, 263 (4th Cir 2012); *A.D.A. v. McKinsey & Co.*, 2022 U.S. App. LEXIS 12479, *2 (4th Cir. 2022)("In determining whether a remand order is based on one of the two §1447(c) grounds, we look to the substance of the district court's decision, not the labels or citations the court employed."); *see also Harvey v. UTE Indian Tribe of Uintah & Ouray Rsrv.*, 797 F.3d 800, 804 (10th Cir. 2015)(noting that the standard of review for colorability is "essentially a superficial determination of plausibility"). "Colorable" is a low bar. *See Powerex*, 551 U.S. at 234 ("debatable"); *Protopapas v.*

9

*Travelers Cas. & Sur. Co.*, 94 F.4th 351, 356 (4th Cir. 2024)("plausible"); *see also Atl. Nat'l Tr. LLC v. Mr. Hawley Ins. Co.,* 621 F.3d 931, 939–40 (9th Cir. 2010)(describing a district court's characterization as colorable unless it is contrary to "clearly established law").

So little is required for a characterization to be "colorable" that the district court does not even need to explicitly state or cite Section 1447(c) in its remand decision to bar review, if it invokes the grounds specified therein. *See Ellenburg v. Spartan Motors Chassi, Inc.,* 519 F.3d 192, 196 (4th Cir. 2008)("If, however, the district court's remand order in a case removed under §1441 was not issued under §1447(c) *or* did not 'invok[e] the grounds specified therein,' we are free to review it.")(emphasis added); *Protopapas v. Travelers Cas. & Sur. Co.*, 94 F.4th 351, 356–57 (4th Cir. 2024)(noting that an appellate court's review of a remand decision should be limited to whether a lack of subject matter jurisdiction was a "plausible legal explanation of what legal ground the District Court actually relied upon for its remand."); *A.D.A. v. McKinsey & Co.*, 2022 U.S. App. LEXIS 12479, *2 (4th Cir. 2022)("In determining whether a remand order is based on one of the two §1447(c) grounds, we look to the substance of the district court's decision, not the labels or citations the court employed.'"); *see also Atl. Nat'l Tr. LLC*, 621 F.3d at 935 (9th Cir. 2010)(noting that the appellate court may analyze the basis of the district court's order "where it was not clear that the ground specified by the district court was a

ground enumerated in section 1447(c)." If the appellate court determines that the district court based its remand on a ground enumerated in section 1447(c), the appellate court lacks jurisdiction to review whether the district court's application of that ground was correct). When a remand order is premised on one of the Section 1447(c) grounds, an appellate court "may not review the order even if it be manifestly, inarguably erroneous." *Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442, 1450 (4th Cir. 1996).

The district court's characterization of its remand order satisfies this low bar. The district court held that Hill Phoenix's improper consolidation of two separate state court cases was grounds for remand but based the substance of its remand decision on a lack of subject matter jurisdiction and a procedural defect. *See* JA612-614.  In light of the district court's characterizations, the Court is barred from review of this appeal.

A. *The District Court colorably characterized its decision to remand as a  lack of subject matter jurisdiction.*

Hill Phoenix states that the district court satisfied itself that it had jurisdiction when the court stated that Hill Phoenix "adequately pled diversity jurisdiction." JA613. But Hill Phoenix fails to address the additional language surrounding the court's statement. The surrounding language in the district court's order indicates that the court relied on a lack of subject matter jurisdiction as the legal ground for remand.  The district court cites *Md. Stadium Auth. v. Ellerbe Becket, Inc.,* 407 F. 3d

11

255, 260 (4th Cir. 2005) for its holding that "courts must construe removal jurisdiction strictly because of the 'significant federalism concerns implicated.'" JA612. The court goes on to state that remand is necessary when federal jurisdiction is doubtful and that the removing party bears the burden of proving that the district court has jurisdiction. JA613.

The case law bears this out. In *Doe v. Blair* and *Ellenburg*, the district courts stated that they were remanding due to a lack of subject matter jurisdiction but then only discussed the defendant's failure to sufficiently allege diversity jurisdiction in its notice of removal. *Doe v. Blair*, 819 F.3d 64, 68 (2016); *Ellenburg*, 519 F.3d at 197. The appellate court in both cases found that remand was not based on lack of subject matter jurisdiction but on a procedural defect in the removal notice. *Doe,* 819 F.3d at 68; *Ellenburg*, 519 F.3d at 197. Here, the district court states that Hill Phoenix adequately pled diversity jurisdiction, but it introduces this statement with the use of the word "although" and modifies this clause with the statement "the cases have been consolidated in error." JA612 ("Although Defendant has adequately pled diversity jurisdiction, the state court cases have been consolidated in error."). This indicates that the district court believed that the improper consolidation of state cases impacted the court's jurisdiction **even if** Hill Phoenix adequately pled diversity jurisdiction. Such a discussion of jurisdiction would not be necessary if the district court believed it had jurisdiction over the case despite Hill Phoenix's violation of

12

Federal Rule of Civil Procedure 42 and its improper consolidation of the two state court cases. The district court based its decision to remand on a lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 42, which governs the consolidation of federal cases, states that "[i]f actions *before the court* involve a common question of law or fact, the court may: . . . consolidate actions." Fed. R. Civ. Pro. 42 (emphasis added). This Court has not addressed the meaning of  "before the court" in the context of interpreting Federal Rule of Civil Procedure 42. Other courts interpret Federal Rule of Civil Procedure 42 as requiring that all cases must be pending before the court for the court to have the jurisdiction to order consolidation. *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972)(holding that a district court lacked jurisdiction to consolidate a state civil action and federal civil action because the state civil action was not pending before the district court*)*; *United States use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co,*, 826 F.2d 643, 645–46 (7th. Cir. 1987)(finding that a district court did not have jurisdiction to consolidate two cases because both were not pending before the court).

In this matter, the Michigan Case and the Colorado Case were not properly pending before the district court when they were consolidated. Hill Phoenix unilaterally consolidated the two state court cases when it filed its single Notice of Removal in the district court. Because the state courts retain jurisdiction over a case

until the defendant files a notice of removal in state court, at the time that consolidation occurred, the Michigan Case and the Colorado Case were each still pending in state court. *See* 28 U.S.C 1446(d)("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). Moreover, no court action whatsoever determined whether consolidation of the two cases was proper. The district court could not exercise jurisdiction over the removed case that improperly consolidated the Michigan Case and the Colorado Case because the two cases were not properly pending before the district court when the wrongful consolidation occurred.

Even if the district court was wrong, and it did have subject matter jurisdiction over the cases despite Hill Phoenix's improper consolidation, this Court still cannot exercise jurisdiction over this appeal. Section 1447(d)'s bar to appellate review depends on whether the district court, explicitly or implicitly, bases its reasoning on the grounds specified in Section 1447(c) in its remand order—not whether the district court was correct in ordering remand. *Mangold Analytic Servs., Inc.,* 77 F.3d 1442, 1450–51 (4th Cir. 1996). Here, the district court based its remand order on Hill Phoenix's improper consolidation, which the court plausibly or colorably

characterized as impacting its jurisdiction over the matter. Therefore, this Court lacks jurisdiction and should dismiss the appeal.

   B.  *The District Court colorably characterized its remand decision on a timely raised procedural defect.*

      1.  *ColonialWebb timely raised the issue of improper consolidation in its motion to remand.*

In addition to remand for lack of subject matter jurisdiction, Section 1447(c) permits the remand of a case based on a "timely raised defect in the removal procedure." 28 U.S.C. § 1447(c)("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Things Remembered v. Petrarca*, 516 U.S. 124, 128 (1995).

In *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008) and *Doe v. Blair*, 819 F.3d 64 (4th Cir. 2016), the plaintiffs, unlike ColonialWebb, filed no motion for remand—and nowhere in the record had the plaintiffs indicated that there was a procedural defect in the removal. *Ellenburg* 519 F.3d at 194; *Doe*, 819 F.3d 65. In both cases, this Court found that the district court exceeded its authority in *sua sponte* remanding the case because the court, not the plaintiff, raised a procedural defect in the removal. *Ellenburg* 519 F.3d at 194; *Doe*, 819 F.3d at 65.

Hill Phoenix argues that the district court here remanded the case *sua sponte* due to the issue of consolidation. Opening Br. for Appellant at 10-14. Hill Phoenix

also argues that ColonialWebb did not raise the issue of improper consolidation. But the record is replete with ColonialWebb raising the issue of improper consolidation. For example, in paragraph nine of ColonialWebb's Motion for Remand, ColonialWebb introduces the issue of Hill Phoenix's improper consolidation of the two state court cases. JA164 ¶ 9. ColonialWebb discusses Hill Phoenix's improper consolidation in the following three paragraphs of its Motion for Remand. JA164. ¶¶ 10-12. Likewise, the opening sentence of the introduction of ColonialWebb's Memorandum in Support of Motion to Remand asserts that Hill Phoenix improperly consolidated the two state court cases. JA218. And, although ColonialWebb stated in its conclusion that remand was warranted because of the forum selection clause in ColonialWebb's terms and conditions, the Memorandum contains multiple assertions by ColonialWebb that Hill Phoenix improperly consolidated cases. JA218-235.

Finally, in addition to its motion for remand and a memorandum in support, ColonialWebb filed Notice Providing Certified Copies of Court Records Obtained from Henrico Circuit within thirty (30) days from the Notice of Removal. This Notice, once again, informed the district court that Hill Phoenix improperly consolidated two state court cases when it filed its Notice of Removal. JA434-437.

Where the *Ellenburg* and *Doe* plaintiffs remained silent on a procedural defects in removal, ColonialWebb shouted from the pages of its court filings that

Hill Phoenix improperly consolidated two state court cases upon removal. Even though the district court stated that the matter of improper consolidation and remand was before the Court on its own initiative, (JA611) it was ColonialWebb's raising of the issue of improper consolidation that brought the procedural defect to the district court's attention. Therefore, the district court did not *sua sponte* raise the issue of improper consolidation.

This Court has held that the purpose of not permitting a court to raise the issue of a procedural defect *sua sponte* is to allow the parties to police non-jurisdictional questions regarding the propriety of removal and to waive the defect if they prefer to remain in a federal forum. *Ellenburg* 519 F.3d at 198 – 99. The concern is that if a court acts without a motion for remand from the plaintiff, then the court may deprive both parties of their preferred forum. *Id.*

The district court here did not act without a motion from the plaintiff and did not deprive both parties of their preferred forum. ColonialWebb filed a Motion for Remand and repeatedly raised the issue of improper consolidation. The district court did not act *sua sponte* by remanding this case.

> 2. *The district court colorably characterized Hill Phoenix's improper consolidation as a procedural defect.*

The district court did not explicitly state that Hill Phoenix's improper consolidation of the two state court cases was a procedural defect under 1447(c)—but such a statement is not necessary. *A.D.A. v. McKinsey & Co.*, 2022 U.S. App.

LEXIS 12479, *2 (4th Cir. 2022)("In determining whether a remand order is based on one of the two §1447(c) grounds, we look to the substance of the district court's decision, not the labels or citations the court employed."); *see also Atl. Nat'l Tr. LLC*, 621 F.3d at 935 (9th Cir. 2010)(noting that the appellate court may analyze the basis of the district court's order where the district court "did not identify the ground for remand, where the order was ambiguous, or where it was not clear that the ground specified by the district court was a ground enumerated in section 1447(c)." ).

The district court began its remand decision by stating that parties filed briefs that addressed issues surrounding, among other things, the removal and the consolidation of the state cases. JA611. It then walked through the steps that Hill Phoenix took to remove the cases to federal court that resulted in improper consolidation of the Michigan Case and the Colorado case. JA612-614. The court specifically noted that the two state court cases were filed together upon removal because Hill Phoenix represented that the two cases were identical. JA613-614. Because the steps that removed the two cases to federal court were also the steps that improperly consolidated the cases, by characterizing its remand decision as being based on Hill Phoenix's improper consolidation, the district court also characterized its decision as being based on a procedural defect in removal. This characterization is colorable because the improper consolidation was not wholly external to the removal process, but rather entwined with and prevented proper removal. *See e.g.,*

*Protopapas v. Travelers Cas. & Sur. Co.*, 94 F.4th 351, 359 (4th Cir. 2024)(finding that the district court's reasoning in its remand order that a forum selection clause prevented a defendant from consenting removal was a colorable characterization of a procedural defect); *Overlook Gardens Props. LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1201 (11th Cir. 2019) (finding a district court's grounds for remand "colorable" when the district court held that the enforcement of a forum selection clause against one of multiple defendants led to a defect in the removal process due to a lack of unanimous consent among all the defendants).

In *Bartels by & through Bartels v. Saber Healthcare Grp, LLC*, 880 F.3d 668 (4th Cir. 2018), the district court remanded the case to state court in order to enforce the plaintiff's forum selection clause. *Id.* at 673. Similarly, in *FindWhere Holdings, Inc. v. Sys. Envt. Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010), the district premised its remand decision on providing a remedy for the defendant's breach of a forum selection clause. *Id.* at 755. In both cases, this Court exercised jurisdiction because the district courts' decisions were based on *where* a contractual clause required the case be brought, not on whether the contractual clauses implicated compliance with the procedures for removal to federal court. *Bartels by & through Bartels,* 880 F.3d 668 at 672-73; *FindWhere Holdings, Inc. v. Sys. Envt. Optimization, LLC*, 626 F.3d at 754.

In contrast, this past February, this Court found it lacked jurisdiction to review a district court's remand order that was also based on a forum selection clause. *Protopapas v. Travelers Cas. & Sur. Co.*, 94 F.4th 351, 359 (4th Cir. 2024). In *Protopapas*, the district court characterized the forum selection clause as preventing the defendants from consenting to removal and thus complying with the statutory removal requirements. *Id.* at 359–60.

The difference between these cases is that in *Bartels* and *FindWhere Holdings,* the remand decision was based on factors completely external and unrelated to the removal process, while the decision *Protopapas* linked the forum selection clause issue to the removal procedure. Stated differently, in *Bartels* and *FindWhere Holdings*, this Court exercised appellate jurisdiction because the district courts' reasoning for remand did not implicate removal procedures and thus was not colorably characterized as based on a procedural defect. But in *Protopapas*, the district court's remand decision regarding the forum selection clause issue implicated removal procedures. This rendered its remand order colorably based on a procedural defect, barring appellate review.

Here, unlike *Bartels* and *FindWhere Holdings*, the district court did not decide to remand this case based on factors external to the removal procedures. This case is more akin to *Protopapas* because the same steps which removed the case to federal court also resulted in improper consolidation and the merging of two state cases into

one federal case. This caused the improper consolidation to implicate removal procedures. Thus, by basing the remand on improper consolidation while also discussing removal, the district court colorably characterized its remand order on a procedural defect. Therefore, the Court lacks jurisdiction to review and should dismiss the appeal.

## II.    The district court had authorization to remand the case because Hill Phoenix's improper consolidation was a procedural defect.

Even if this Court could review the remand decision, it should affirm. Not only did ColonialWebb raise the issue of improper consolidation, but the district court correctly determined that Hill Phoenix improperly consolidated the Michigan Case and the Colorado Case. Because this improper consolidation occurred upon removal, it was a procedural defect and the district court had authority to remand under 28 U.S.C § 1447(c). A finding that improper consolidation upon removal is not grounds for remand would be inequitable to not only ColonialWebb but other plaintiffs by providing defendants a tool to delay litigation.

### A. Hill Phoenix improperly consolidated two state court cases.

The district court correctly determined that Hill Phoenix improperly consolidated the cases because the authority to consolidate under Federal Rule of Civil Procedure 42 is exclusive to the court.  Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for

hearing or trial any or all matters at issue in the actions; (2) *consolidate the actions;* or (3) issue any other orders to avoid unnecessary cost or delay.") (emphasis added).

A party to a lawsuit does not have unilateral power over the court's docket. If a party seeks an order consolidating cases, the party must move the court for such an order. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."). Hill Phoenix did not file a motion to consolidate the cases. Instead, Hill Phoenix combined the two cases by representing to the district court clerk that State Case Nos. CLS23004146-00 (the "Michigan Case") and CL23004147-00 (the "Colorado Case") were identical when it filed a single Notice of Removal in Federal court. JA5-10. At that time, the state court cases were separately pending in state court.

By combining the cases upon removal without a motion to the court, Hill Phoenix stripped from both the state court, where the cases had been pending when improperly consolidated, and from the district court, the opportunity to analyze the factors for consolidation. No court determined whether the cases involved common question of law or fact and whether

> the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

The district court correctly found that Hill Phoenix improperly consolidated the two state court cases when Hill Phoenix filed its Notice of Removal in federal court.

B. *Hill Phoenix's Improper Consolidation is a procedural defect under Section 1447(c).*

Hill Phoenix asserts that filing a Notice of Removal that consolidates two state court cases into one case without authority from a court is not a procedural defect in the removal procedure. Opening Br. of Appellant at 14. However, Hill Phoenix too narrowly construes "defect" to refer only defects in the procedures specified in 28 U.S.C § 1446 (procedure for removal of civil actions).

This Court has held that "[f]rom the context of § 1447, it is apparent 'that "defect" refers to a failure to comply with the statutory requirements for removal provided in *28 U.S.C. §§ 1441-1453*.'" *Bynum v. Norfolk S. Ry. Co.* (*In re* Norfolk S. Ry. Co.), 756 F.3d 282 (4th Cir. 2014)(citing *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009))(emphasis added).

28 U.S.C. §1441(a) states:

[e]xcept as otherwise expressly provided by Act of Congress, any *civil action brought in a State court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a)(emphasis added).

In Hill Phoenix's Notice of Removal, Hill Phoenix stated it was removing one civil action that was incorrectly filed under two case numbers in state court. JA5. As discussed, that is wholly inaccurate. Not only does the Notice of Removal consolidate two state court cases without authorization, but it effectively merges the cases and eliminates the facts and claims of the Colorado Case all together. JA5-10.

The Notice of Removal contains several incorrect representations of fact. For example, ColonialWebb did not file a state court case under two different case numbers. No such civil action was brought in a state court. Indeed, no such civil action exists. Therefore, at minimum, by improperly consolidating the two state court cases upon removal, Hill Phoenix failed to comply with the procedural requirements of Section 1441(a) because the action Hill Phoenix attempted to remove was not brought in state court.

Hill Phoenix attempts to analogize this case to *Thermtron Products*. Opening Br. of Appellant at 17. However, this case is fundamentally and materially different. In *Thermtron Products*, the issue was whether a court could remand a case due to a lack of space on the court's docket when the propriety of removal was not in question and the defendant had properly asserted its right to a federal forum. 423 U.S. 336, 342–44 (1976). Because an overcrowded docket is wholly unrelated to the removal process, the Court found that the district court exceeded its authority by remanding the case. *Id.*

24

Here, Hill Phoenix's improper consolidation upon removal relates to the removal procedures for the simple reason that Hill Phoenix did not remove the correct case to federal court. Rather it merged the two cases into one, presenting a fictional case to the district court in its Notice of Removal. As a result, Hill Phoenix failed to remove a civil action brought in state court as required by Section 1441 of the removal statute. Because a procedural defect is a failure to comply with any of the statutory requirements of 28 U.S.C. §§ 1441-1453, Hill Phoenix's improper consolidation upon removal constitutes a procedural defect. Thus, the district court had grounds for remand under 28 U.S.C. § 1447(c).

Further, by making a procedural defect in its removal, Hill Phoenix failed to properly invoke its right to a federal forum. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 137 (2005)("[T]he removal statute grants defendants a right to a federal forum. A remand is necessary if a defendant improperly asserts this right . . . ."). The district court was right to remand.

## C. Overturning the district court's remand order would be inequitable.

Overturning the district court's remand order would cause confusion and delays in litigation and force ColonialWebb to suffer an inequitable result.

The purpose of 28 U.S.C § 1447(d) is to avoid procedural delays in litigation. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2415 (2007); *Thermtron Prods. v. Harmansdorfer*, 423 U.S. 336, 351 (1976). The Fourth Circuit

has held that when a party wishes to consolidate cases, courts must determine that consolidation will not result in confusion or prejudice to the plaintiff. *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

A reversal of the district court's remand order would cause significant procedural delays in litigation. It would require further delay in litigation as the district court and the parties untangle the knot Hill Phoenix removed into federal court. For example, it will have to be determined whether both cases can remain in federal court, when there was only one notice of removal filed that addressed the facts of only one case. The court will have to determine the applicability of the motions currently pending in federal court to either case. These procedural matters must be addressed before the court and the parties can turn to the merits of the cases.

Further, a reversal of the remand order would be inequitable for ColonialWebb and future plaintiffs who bring separate lawsuits against a single defendant. Hill Phoenix was aware that it worked on a project in Michigan and on a project in Colorado, but made little effort to clarify whether there were two cases filed in state court, or one. That question easily could have been resolved by visiting the Henrico Circuit Court, accessing the case files on OCRA, or speaking with ColonialWebb's counsel. Yet Hill Phoenix chose to do none of these things. Rather, Hill Phoenix forced ColonialWebb to spend considerable time and expense diagnosing Hill Phoenix's procedural error, explaining this error to both Hill Phoenix and the district

court, and ensuring that the correct and accurate facts and documents are in the record.

As evidenced by this time and expense incurred by ColonialWebb, if the district court remand order is reversed, Hill Phoenix will be rewarded for its lack of due diligence and defendants will be handed a tool to delay litigation. The defendant, by removing and consolidating multiple lawsuits brought against it in state court by the same plaintiff into a single federal court case, can take advantage of the time and expense the plaintiff incurs to undo the confusion the defendant created.

Such confusion and delay will chill plaintiffs' efforts to seek redress for multiple wrongs. The fear of incurring additional expense and time related to untangling a defendant's improper consolidation upon removal will make plaintiffs reluctant to file multiple separate lawsuits against the same defendant. Not only is a review of the district court's remand order barred from review by 28 U.S.C 1447(d), but a review and reversal would be contrary to the underlying purpose of 28 U.S.C 1447(d) and would cause an inequitable result for ColonialWebb and future plaintiffs who attempt to file multiple, distinct civil actions against a single defendant in state court. This Court should affirm the decision to remand.

## **CONCLUSION**

This appeal should be dismissed. In the alternative, the district court's judgment should be affirmed.

## **ORAL ARGUMENT STATEMENT**

Appellee ColonialWebb Contractors Company does not request oral argument because the issue in this appeal is a clear error of law that can be resolved on the briefing. To the extent that this Court determines otherwise, ColonialWebb Contractors Company will appear at any argument directed by this Court.

Dated:  May 30, 2024

Respectfully Submitted,

COLONIALWEBB CONTRACTORS
COMPANY


By: ___/s/_ *Courtney Moates Paulk*
   Courtney Moates Paulk (VSB No. 45523)
   Eliza J. Unrein (VSB No. 99394)
   HIRSCHLER FLEISCHER, P.C.
   2100 E. Cary Street
   Richmond, Virginia 23223-7078
   Telephone: (804) 771-9585
   Facsimile: (804) 644-0957
   E-mail: cpaulk@hirschlerlaw.com
         eunrein@hirschlerlaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the length limitation of Fed. R. App. P. 32(a)(7) because:

- This brief does not exceed 30 pages and contains 6,487 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32 (a)(6) because:

- This brief has been prepared in a proportionally spaced 14-point Times New Roman font using Microsoft Word.

       */s/ Courtney Moates Paulk*
Courtney Moates Paulk (VSB No. 45523)

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 30th day of May, 2024 I caused this Brief of Appellee to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

    /s/ <i>Courtney Moates Paulk</i>
Courtney Moates Paulk (VSB No. 45523)
