**No. 24-1237**

In the

# United States Court of Appeals
## For the Fourth Circuit

———————————

COLONIALWEBB CONTRACTORS COMPANY,

*Plaintiff-Appellee,*

v.

HILL PHOENIX, INC.,

*Defendant-Appellant.*

———————————

On Appeal from the United States District Court
for the Eastern District of Virginia
Honorable Henry E. Hudson, Senior District Judge
Case No. 3:23-cv-00722-HEH

———————————

**REPLY BRIEF OF APPELLANT**

———————————

Robert R. Redmond, Jr.
Robert W. Loftin
Patrick F. Dillard
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4715
F: (804) 698-2177

June 20, 2024

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................1

ARGUMENT .....................................................................................................2

    A.    The district court did not characterize its decision as a lack of subject matter jurisdiction. ..........................................................3

    B.    The district court's decision could not plausibly have been based on subject matter jurisdiction. ...........................................5

    C.    The district court did not colorably characterize its decision as based on a timely raised procedural defect. .......................9

    D.    Equity does not support a remand. .....................................................13

CONCLUSION .................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aqualon Co. v. Mac Equip., Inc.*,
  149 F.3d 262 (4th Cir. 1998), *abrogated in part on other grounds
  by Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567 (2004) ...............6, 10

*Capps v. Newmark S. Region, LLC*,
  53 F.4th 299 (4th Cir. 2022) ...........................................................................7, 12

*Carlsbad Tech, Inc. v. HIF Bio, Inc.*,
  556 U.S. 635 (2009) ...........................................................................................8, 9

*Ellenburg v. Spartan Motors Chassis, Inc.*,
  519 F.3d 192 (4th Cir. 2008) ............................................................................2, 9

*Hall v. Hall*,
  584 U.S. 59 (2018) ...........................................................................................7, 12

*Holloway v. Pagan River Dockside Seafood, Inc.*,
  669 F.3d 448 (4th Cir. 2012) ................................................................................8

*Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*,
  271 F.3d 164 (4th Cir. 2001) ................................................................................7

*Johnson v. Manhattan Ry. Co.*,
  289 U.S. 479 (1933) ..............................................................................................7

*Lisenby v. Lear*,
  674 F.3d 259 (4th Cir. 2012) ..........................................................................5, 14

*Oregon Egg Producers v. Andrew*,
  458 F.2d 382 (9th Cir. 1972) ................................................................................6

*Powerex Corp. v. Reliant Energy Servs., Inc.*,
  551 U.S. 224 (2007) ..............................................................................................4

*Protopapas v. Travelers Cas. & Sur. Co.*,
  94 F.4th 351 (4th Cir. 2024) ............................................................4, 5, 11, 12

ii

*Thermtron Prods., Inc. v. Hermansdorfer*,
   423 U.S. 336 (1976), *abrogated by Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996)..........................................................................13, 14

*U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*,
   826 F.2d 643 (7th Cir. 1987) ................................................................6

**Statutes**

28 U.S.C. § 1332(a) ...........................................................................3

28 U.S.C. §§ 1441-1453 ...................................................................13

28 U.S.C. § 1446(a) ...........................................................................7

# INTRODUCTION

ColonialWebb's brief confirms that the district court erred in remanding this case to state court. In arguing otherwise, ColonialWebb mischaracterizes the facts below and misstates the law of subject matter jurisdiction, consolidation, and removal. Despite its many contortions of the facts and law, ColonialWebb cannot change the basic tenet underpinning this case—the district court lacked the authority to enter the order remanding this case.

*First*, the district court did not base the remand order on a belief that it lacked subject matter jurisdiction over the action, as ColonialWebb contends. The plain language of the order shows that the district court acknowledged it had subject matter jurisdiction, but it remanded the case because it believed it had been improperly consolidated. The district court gave no indication that it believed the consolidation question affected subject matter jurisdiction. Nor could it, as such a belief would defy longstanding subject matter jurisdiction and consolidation jurisprudence.

*Second*, the district court did not base the remand order on any motion from ColonialWebb grounded in a defect in the removal procedures. Rather, it explicitly stated it was not basing its remand order on ColonialWebb's motion to remand. In any event, ColonialWebb did not move the court to remand the case based on an argument that two cases had been improperly consolidated, despite what it now says. It based its motion to remand on a forum selection clause.

1

*Third*, the district court could not have based the remand order on a procedural defect, as there was none. Hill Phoenix followed all of the procedural requirements to remove the cases. That two cases were consolidated by the district court clerk's office following removal—based on the receipt of identical filings from the state court clerk's office—in no way affects the proprietary of removal.

ColonialWebb's entire brief hinges on its argument that consolidation creates a new action and eliminates the two consolidated actions. Based on this, ColonialWebb argues consolidation can strip the court of subject matter jurisdiction or render a proper removal defective. But the Supreme Court has confirmed that—for hundreds of years—consolidation serves as no more than an administrative tool that does not merge cases or change any rights of the parties. It does not have the effect ColonialWebb claims it has. And it cannot form the basis to remand a removed case over which the court has subject matter jurisdiction, requiring reversal of the district court's remand order.

## ARGUMENT

As ColonialWebb concedes, an appellate court can review an order from the district court if the district court did not base its decision on a lack of subject matter jurisdiction or a motion raising a defect in the removal procedures. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008); CW Br. at 9.

ColonialWebb's attempt to twist the plain language of the district court's order to shield it from this Court's review fails.

### A. The district court did not characterize its decision as a lack of subject matter jurisdiction.

ColonialWebb's argument that the district court characterized its decision as one based on a lack of subject matter jurisdiction has no support in the order itself, or the events prompting the order. For one, the district court itself never stated it believed it lacked subject matter jurisdiction. JA611-614. ColonialWebb claims that by citing the general standard for removal jurisdiction, the district court must have based its decision on a lack of subject matter jurisdiction. This reading is implausible.

The district cited 28 U.S.C. § 1332(a) (diversity jurisdiction) as the subject matter jurisdiction statute under which Hill Phoenix removed the cases, and then stated that Hill Phoenix had adequately pled the requirements for diversity jurisdiction for both cases. JA613. That alone demonstrates that the district court understood that it had subject matter jurisdiction. ColonialWebb claims that by then discussing consolidation, the district court must have believed that the consolidation of the cases stripped it of its subject matter jurisdiction. CW Br. at 11-13. But the district court never suggested that it believed the improper consolidation of two cases over which it acknowledged it had subject matter jurisdiction could destroy that subject matter jurisdiction. It even called the consolidation a "clerical decision by

3

the Clerk's office." JA614. It did not indicate it believed this clerical decision eliminated its power to hear the cases. Rather, it acknowledged its jurisdiction, but decided to remand based on the consolidation issue. Likewise, in ordering briefing on the consolidation question, the district court gave no indication it believed the question went to its jurisdiction. JA594-595. This Court should not assume that the district court had the same fundamental misunderstanding of subject matter jurisdiction that ColonialWebb advances here. In sum, there is simply no basis to believe that the district court characterized its remand order as one based on a lack of subject matter jurisdiction. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234-35 (2007) ("There is, in short, no reason to believe that an unmentioned [reason] was the basis for the remand.").

ColonialWebb misstates the law in stating that this Court must ignore the district court's stated reasoning and look at the substance of the order to determine whether it was colorably based on subject matter jurisdiction. CW Br. at 9-10. This gets it backwards. The appellate court examines the substance of the order to "confirm that the district court's characterization was colorable." *Protopapas v. Travelers Cas. & Sur. Co.*, 94 F.4th 351, 356 (4th Cir. 2024) (cleaned up). Thus, the starting point is the district court's own characterization, and then the appellate court confirms the plausibility of that characterization. *See Powerex*, 551 U.S. at 234 (rejecting bar on review based on characterization not advanced by the district

4

court); *Protopapas*, 94 F.4th at 357 ("The *Powerex* Court thus held that we must determine whether the district court's explanation was 'colorable' or 'plausible,' but we should not review the substance of the explanation to determine whether it was, in fact or in law, correct."). It is not an exercise in fabricating reasons not relied upon by the district court, ascribing those reasons to the district court, and then contorting the law to try to create plausibility. *See Lisenby v. Lear*, 674 F.3d 259, 261 (4th Cir. 2012) ("A review of the order itself, as well as the underlying report and recommendation from the magistrate, undermines Plaintiff's position that the district court's order should be 'colorably characterized' as based on subject matter jurisdiction."). But that is the approach ColonialWebb advances. Still, even if the district court had characterized its decision as one based on subject matter jurisdiction (it did not), that characterization would not be colorable or plausible.

## B. The district court's decision could not plausibly have been based on subject matter jurisdiction.

The district court could not have plausibly believed the consolidation issue affected its jurisdiction, as it cannot. ColonialWebb's attempt to tie the consolidation issue to the district court's subject matter jurisdiction relies on several faulty arguments.

ColonialWebb's assertion that the cases "were not properly pending before the district court when the wrongful consolidation occurred" and therefore the "district court could not exercise jurisdiction over the removed case" (CW Br. at 13-

5

14) has no basis in the law. Instead, "federal jurisdiction attached as soon as [Hill Phoenix] filed a Notice of Removal in Federal Court." *Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998), *abrogated in part on other grounds by Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572 (2004).

ColonialWebb cites no case law to support its proposition that the cases were not pending before the district court, because none exists. The out-of-circuit cases it cites stand simply for the proposition that a case filed in the district court cannot be consolidated with a case that was not eligible for removal to the district court. CW Br. at 13 (*citing U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (federal question case could not be consolidated with separate case involving nondiverse parties and only state-law claims); *Oregon Egg Producers v. Andrew*, 458 F.2d 382 (9th Cir. 1972) (case could not be consolidated with case removed to federal court by the plaintiff, because a plaintiff who files in state court cannot remove to federal court)). That proposition is irrelevant to this case, where diversity jurisdiction exists over both cases, both cases were eligible for removal, and Hill Phoenix timely followed the statutory procedures to remove both cases.

ColonialWebb's argument that the consolidation merged the two cases into one, somehow affecting the district court's subject matter jurisdiction, CW Br. at 12-15, is squarely rejected by Supreme Court and Fourth Circuit case law.

"Consolidation does not merge [the] suits; it is a mere matter of convenience in administration, to keep them in step. They remain as independent as before." *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302-03 (4th Cir. 2022); *Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001) ("Although consolidation 'is permitted as a matter of convenience and economy in administration, it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'") (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). In *Hall v. Hall*, the Supreme Court examined hundreds of years of the history of consolidation: "[f]rom the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." 584 U.S. 59, 67 (2018). The Supreme Court confirmed that this remained the case with the enactment of Rule 42. *Id.*

Here, the cases were properly pending before the district court because Hill Phoenix followed all of the steps required for removal. It filed a Notice of Removal containing a short and plain statement of the grounds for removal, and attached a copy of all process, pleadings, and orders served on it. *See* 28 U.S.C. § 1446(a); JA5-124. The Notice of Removal identified both of the pending actions and included their state court case numbers. JA5. Hill Phoenix also attached all of the filings for

7

both cases as given to it by the state court clerk's office.  JA11-124.  Upon the filing of the Notice of Removal, the federal district court obtained jurisdiction over the cases.  The cases were then administratively consolidated, which had no bearing on the district court's jurisdiction or whether the cases were pending before the district court.

ColonialWebb's argument hinges on its claim that consolidation can destroy subject matter jurisdiction.  But "subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  It goes to the federal court's power, which "is generally conferred by the basic statutory grants of subject matter jurisdiction." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012).  ColonialWebb fails to explain how consolidation can strip the district court of this power.

The Supreme Court's decision in *Carlsbad* shows how far afield ColonialWebb's argument is that the district court based its remand on subject matter jurisdiction.  There, following dismissal of a federal claim, only a state-law claim remained.  556 U.S. at 640.  The district court declined to exercise supplemental jurisdiction (the only grounds for subject matter jurisdiction) over the state-law claim and remanded it to state court. *Id.*  In reversing the Court of Appeals decision that appellate review was barred, the Supreme Court held that the remand was "not

8

based on a lack of subject matter jurisdiction." *Id.* at 639-40. Instead, the district court's "decision declining to exercise that statutory authority was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them." *Id.* at 640. Even a decision implicating the court's exercise of its jurisdiction was not necessarily based on subject matter jurisdiction. *See id.*

Here, similarly, the district court based its decision on its disagreement with "a clerical decision by the Clerk's office," JA614, not any jurisdictional defect. Unlike the decision to exercise supplemental jurisdiction in *Carlsbad*, there is nothing to tether the consolidation issue to the district court's jurisdiction. ColonialWebb's attempt to elevate a clerical decision on administrative consolidation to the level of a jurisdictional defect that could affect the power of the court to hear the case fails. The remand order had no basis in the court's subject matter jurisdiction.

### C.    The district court did not colorably characterize its decision as based on a timely raised procedural defect.

ColonialWebb's argument that the district court issued the remand order in response to a motion to remand based on a procedural defect faces many of the same insurmountable obstacles. Aside from a lack of subject matter jurisdiction, a district court may only order a remand on the basis of "a timely filed motion raising a defect in removal procedure." *Ellenburg*, 519 F.3d at 196 (cleaned up).

9

First, ColonialWebb did not base its motion on the consolidation issue, as it now claims. Although it indicated it believed the cases had been improperly consolidated, it moved for remand based only on the forum selection clauses in the alleged contracts. *See* JA163-165. It never claimed that the consolidation issue warranted a remand and made none of the arguments it makes now about the consolidation issue rising to the level of a jurisdictional or procedural defect. *See* JA218-235. In response to the Court's order requiring briefing on the consolidation issue, it did not argue that the consolidation warranted remand. JA598-601. Although ColonialWebb first made its claim that somehow the cases were not pending before the district court, it did so in claiming that the court would need to "grant the removal and obtain jurisdiction over the cases before considering the issue" of consolidation. JA600-601. Setting aside the obvious fallacy of this argument—a district court does not grant a removal, and it obtains jurisdiction when the defendant files the notice of removal, *see Aqualon*, 149 F.3d at 264— ColonialWebb only advanced this argument below to claim that the consolidation itself was improper. JA600-601. In sum, ColonialWebb did not move to remand the case based on its claim that it was improperly consolidated.

Even if ColonialWebb had so moved, the district court made clear it was not remanding the case in response to ColonialWebb's motion: "To be clear, in remanding this case, the Court does not reach the merits of Plaintiff's Motion to

10

Remand." JA614. ColonialWebb argues that because the district court walked through the steps that Hill Phoenix took to remove followed by the clerk's office decision to consolidate, the two must be so intertwined to render the clerk's administrative consolidation an aspect of Hill Phoenix's removal procedures. CW Br. at 18-19. But the district court called the consolidation a "clerical decision by the Clerk's office" rather than a procedural defect in Hill Phoenix's removal. JA614. The district court's order gave no indication that it accepted ColonialWebb's frivolous argument that the cases were not pending before it or that it needed to grant the removal.

Before that, the district court's order requiring additional briefing gave no indication it believed the consolidation could result in remand. JA594-595. Because neither ColonialWebb nor the district court raised the possibility that the consolidation issue could impact the remand analysis, Hill Phoenix did not have the opportunity to argue why the consolidation issue cannot result in remand. Hill Phoenix could not have predicted that a clerical decision by the Clerk's office would extinguish its right to a federal forum.

ColonialWebb cannot rely on *Protopapas*, as that case demonstrates that the district court here did not rely on a defect in the removal procedures. There, the district court remanded the case in part because a forum selection clause precluded one of the defendants from validly consenting to removal "such that the removal was

11

not procedurally compliant with § 1446(b)(2)(A)," which requires the consent of all defendants. 94 F.4th at 355. The Fourth Circuit determined the district court's "characterization of a procedural defect in these circumstances was at least colorable," because "unanimous consent to removal was required by § 1446(b)(2)(A)." *Id.* at 360. Thus, the Fourth Circuit and the district court based their decisions on the express link between the alleged defect and a specific procedural requirement found in the removal statute. No such link exists here. The consolidation issue has no connection to the statutory removal procedures, which Hill Phoenix followed before the cases were consolidated.

ColonialWebb's argument that a procedural defect exists relies on the same hollow argument that consolidation "effectively merges the cases and eliminates the facts and claims of [one of the cases] all together," that Hill Phoenix "merged the two cases into one," and that "no such civil action was brought in a state court," meaning that Hill Phoenix removed a case that did not exist. CW Br. at 24-25. ColonialWebb offers no authority for this argument. And it cannot, because the argument contradicts centuries of case law that "consolidation does not merge the suits," and instead they "remain as independent as before." *Hall*, 584 U.S. at 70; *Capps*, 53 F.4th at 302-03 (same).

Here, these cases remained independent. Hill Phoenix removed both cases, correctly identifying both in its Notice of Removal and attaching all of the filings it

had received in both cases, and requested they be consolidated. JA5-124. Whether the district court clerk's office chose to create a single case number consolidating the two actions, or create two separate case numbers before then consolidating the two actions, or create two separate case numbers while waiting for direction from the district court, it was an administrative and clerical decision (as recognized by the district court) that did not change the fact that the removal procedures had been followed. Any improper consolidation could have been resolved with another administrative action to allow the cases to proceed separately.

ColonialWebb correctly notes that "a procedural defect is a failure to comply with any of the statutory requirements of 28 U.S.C. §§ 1441-1453." CW Br. at 23-25. But it fails to identify a single *statutory requirement* in §§ 1441-1453 with which Hill Phoenix failed to comply. Instead, it offers only its contorted and baseless argument that Hill Phoenix failed to remove a case at all. CW Br. at 25.

### D.    Equity does not support a remand.

Finally, ColonialWebb's argument that reversing the district court would be inequitable has no basis in the law or the facts. CW Br. at 25-27. It cites no authority that the decision to remand involves a balancing of the equities. None exists. To the contrary, Hill Phoenix has a right to have these cases removed to federal court and heard there, and the district court may not remand them on any grounds it considers fair. *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976),

13

*abrogated by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) ("We are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute."); *Lisenby*, 674 F.3d at 263 (district courts may not "depriv[e] [d]efendants of their right to have the claims heard in federal court" without statutory basis to do so).

Even if the Court had the discretion to balance the equities, that balance favors Hill Phoenix. At bottom, ColonialWebb asks the Court to deny Hill Phoenix its right to have the cases heard in federal court simply because the state court clerk's office provided Hill Phoenix with identical copies of the documents from the two cases, Hill Phoenix informed the federal court of this and requested consolidation in the name of efficiency, and the federal court clerk's office administratively consolidated the two actions after Hill Phoenix removed them. Hill Phoenix did not hide the existence of the two cases, and it did not gain a strategic advantage in requesting consolidation of two cases that it was informed were identical. ColonialWebb faults Hill Phoenix for not visiting the Henrico County Circuit Court to request the filings, but that is precisely what Hill Phoenix did, and the Henrico County Circuit Court clerk's office provided Hill Phoenix copies of identical complaints. JA427. Hill Phoenix attached these copies to its Notice of Removal. JA5-124. Hill Phoenix then

14

requested that the district court consolidate the cases, a request the district court was free to ignore or ask for additional information before honoring. JA5.

The prejudice ColonialWebb claims would result from this Court's reversal—defendants forcing plaintiffs who file multiple suits to incur substantial time and expense—is overblown both as to the potential for recurrence and the extent of prejudice. First, the scenario at play here requires several steps: (1) a plaintiff files identically captioned lawsuits with nearly identical complaints; (2) it serves a single document in only one of the cases; (3) the state court clerk's office provides the defendant identical copies of the complaints from the separate suits; and (4) the federal court clerk's office consolidates the actions following removal. This situation seems exceedingly unlikely to recur often, or at all. Second, the solution is simple and administrative, just like the consolidation—the federal court can have the cases proceed separately, eliminating any potential prejudice to the plaintiff.

Yet potential prejudice arises from allowing the district court's order to stand. Defendants faced with multiple suits, which indisputably can be removed to federal court, can have their rights to a federal forum stripped by errors and decisions of the clerks' offices. This result is unnecessary, especially given how easily these decisions and errors can be corrected. Further, although ColonialWebb filed two separate lawsuits, it served Hill Phoenix with only a single order from one of the cases. JA116-117 ("Sender Information: Hirschler Fleischer, P.C."). By serving a

document from only one of the cases, and not also serving the complaints (perhaps to trigger Hill Phoenix's time to remove), ColonialWebb created the confusion that resulted here. This cannot be rewarded, especially when doing so would contravene the controlling case law on every issue present.

## CONCLUSION

The district court recognized the consolidation decision for what it is—a clerical decision. But it exceeded its authority in remanding the case based on its disagreement with that clerical decision. ColonialWebb now seeks to elevate that clerical decision to a jurisdictional or procedural defect. But consolidation does not carry the import that ColonialWebb claims—it does not merge the cases into one or eliminate the constituent cases. Nor does it affect the rights of the parties. And it cannot give rise to a remand order of properly removed cases over which the district court has subject matter jurisdiction. Accordingly, the Court should reverse the district court's order remanding this case based on its conclusion that two cases were improperly consolidated.

Dated: June 20, 2024

Respectfully submitted,

*/s/ Robert W. Loftin*
Robert F. Redmond, Jr.
Robert W. Loftin
Patrick F. Dillard
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street

16

Richmond, VA 23219
T: (804) 775-4715
F: (804) 698-2177
rredmond@mcguirewoods.com
rloftin@mcguirewoods.com
pdillard@mcguirewoods.com

**CERTIFICATE OF COMPLIANCE**

This brief complies with the length limitation of Fed. R. App. P. 32(a)(7) because:

- This brief contains 3,848 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because:

- This brief has been prepared in a proportionally spaced 14-point Times New Roman font using Microsoft Word.

*/s/ Robert W. Loftin*
Robert W. Loftin

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2024, the foregoing was filed with the Clerk of the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system, which will also serve counsel of record.

*/s/  Robert W. Loftin*
Robert W. Loftin

19